**Zerezgi KIFLE–TESFAGABIR, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

No. 03–74241.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 10, 2004.\*\*

Decided Feb. 25, 2005.

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Bart Klein, Esq., Law Offices of Bart Klein, Seattle, WA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, Carl H. McIntyre, Jr., Marion E. Guyton, Attorney, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: SKOPIL, FERGUSON, and BOOCHEVER, Circuit Judges.

## MEMORANDUM ***

Petitioner Zerezgi Kifle–Tesfagabir ("Kifle"), a native and citizen of Eritrea, petitions for review of a Board of Immigration Appeals ("BIA") final order denying his application for asylum, withholding of removal, and protection under the United Nations Convention Against Torture. We review the BIA's decision for substantial evidence, *Andriasian v. INS,* 180 F.3d 1033, 1040 (9th Cir.1999), and we deny the petition.

Kifle testified in support of his request for relief that his fear of persecution by the Eritrean authorities stems from his mixed Ethiopian and Eritrean background, his father's history of working for the Ethiopian government, the Ethiopian government suspecting his father of conspiracy in helping the Eritrean government, and his father ultimately dying in an Ethiopian prison. Specifically, Kifle explained how the Ethiopian government, not the Eritrean government, arrested him twice, tortured him, and deported him to Eritrea.

The BIA reversed the IJ's adverse credibility finding, fully credited Kifle's testimony, but still found "that [Kifle] failed to establish that he suffered past persecution in Eritrea or has a well-founded fear of return to Eritrea." The BIA, more specifically, found that the evidence indicated that Kifle had not been harmed or mistreated while in Eritrea and that forced military service does not generally rise to the level of persecution.

We conclude that substantial evidence supports the BIA's determination that Kifle did not qualify for asylum. First, Kifle did not show that the Eritrean government had persecuted him in the past on the basis of his mixed ethnicity. The only demand by the Eritrean government was for Kifle to join the military, an act which this Court generally does not consider persecution. *See Pedro–Mateo v. INS,* 224 F.3d 1147, 1150–51 (9th Cir. 2000).

Second, Kifle failed to demonstrate a well-founded fear of future persecution in light of the evidence that his similarly-situated family still resides unharmed in Eritrea. In addition, the 2001 Country Report on Human Rights Practices for Eritrea, prepared by the United States Department of State, fails to report that persons of mixed Ethiopian and Eritrean background face persecution in Eritrea.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

For these reasons, the BIA did not err in denying Kifle asylum.

Because " '[the] clear probability standard ... for withholding of removal is more stringent than the well-founded fear standard governing asylum,' " *Al–Harbi v. INS*, 242 F.3d 882, 888–89 (9th Cir.2001) (quoting *INS v. Cardoza–Fonseca*, 480 U.S. 421, 449–50, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987)), the BIA correctly concluded that Kifle did not qualify for withholding of removal.

The BIA also correctly concluded that Kifle did not qualify for relief under the Convention Against Torture because Kifle failed "to establish that it is more likely than not that he ... would be tortured if removed to [Eritrea]." *See* 8 C.F.R. § 208.16(c)(2).

**PETITION FOR REVIEW DENIED.**